| | | |
|---|---|---|
| NORMA M. MARFEGA, | ) | CIVIL ACTION NO. 84-215 |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| LEE CHANG SOO, et al., | ) | |
| Defendants. | ) | |

Co-defendant Commonwealth Ports Authority (CPA) filed a motion for summary judgment on several grounds   They will be taken in order as presented and as they relate to the causes of action pled in the plaintiff's First Amended Complaint.

## THIRD CAUSE OF ACTION

In this cause of action CPA is joined with a host of other defendants and charged with false imprisonment of the plaintiff.  CPA's involvement centers around the allegations in paragraphs 4 and 11 which allege, inter alia, that two security guards employed by CPA and while acting within the

scope and authority of their employment grabbed the plaintiff and forced her onto a plane which carried her back to the Philippines.

CPA claims that since it is a public corporation (a fact conceded by plaintiff), it has immunity under 7 CMC § 2204(b) That section provides, essentially that the Commonwealth Government is not liable for claims for false imprisonment.

Citing a Northern Mariana Islands District Court case, Atalig v MIHA, C.A. 78-27 as dispositive, CPA asserts no cause of action can be maintained against it. The court disagrees.

CPA is not the Commonwealth Government but, at most, is an agency of the government. It is formed by statute in 2 CMC 2121 et seq. Section 2121 provides that CPA, as a public corporation "... may sue and be sued in its own name."

For public corporations to gain governmental immunity, the court must first determine the legislative intent when it formed the corporation. The mere fact that such a corporation is an agency of the state (Commonwealth) does not in and of itself render it immune from suit. Keifer v Reconstruction Finance Corp., 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784; 72 AmJur 2d, States, etc., § 105.

■ Even assuming that a public corporation is engaged in governmental activity (as opposed to proprietary), if the legislature authorizes the corporation to "sue or be sued", this is sufficient consent to suit or waiver of immunity from suit. Federal Land Bank v Priddy, 295 U.S. 229, 55 S.Ct. 705, 79 L.Ed. 1709; 72 AmJur 2d, States, etc., § 107.

■ In reading 7 CMC § 2204 and 2 CMC § 2121, et seq, it is clear the legislature did not extend government immunity to CPA.

It is also noted that it is doubtful if CPA can be regarded as operating a governmental activity. Operating an airport is commonly regarded as a proprietary function. 8 AmJur 2d, Aviation, § 68; 66 ALR 2d 634.

CPA's reliance on Atalig, supra, is of little assistance. That case concerned the immunity of the Mariana Islands Housing Authority (MIHA) which was established by the legislature and which gave to MIHA the perogative to consent to allowing suit to be brought against it. Public Law 5-67, § 52. (See also Maruyama & Assoc., Ltd. v MIHA, DCA 82-0066)

No such provision is found in the statute establishing CPA.

It is concluded that the Ports Authority does not enjoy

the protection of 7 CMC § 2204(b) and hence CPA is subject
to suit on the third cause of action for false imprisonment.

### FOURTH CAUSE OF ACTION

This cause of action alleges an assault and battery
count and CPA defends on the same basis - 7 CMC 2204(b).
What has been said as to the Third Cause of Action applies
here.  CPA is not immune from suit.

### FIFTH CAUSE OF ACTION

Plaintiff alleges a civil rights violation pursuant to
42 USC §§ 1981, 1983 and 1985.

Monell v Dept. of Social Services of N.Y., 436 U.S. 658,
98 S.Ct. 2018, 56 L.Ed. 2d 611 (1978) held that a municipality
can be subject to a civil rights action only if the actions
alleged to be in violation of the plaintiff's civil rights
implements or executes a policy, custom, ordinance or regulation
of the entity.  Paragraph 6 of the Fifth Cause of Action
alleges that the acts of CPA's two security officers were
done under color of certain statutes, ordinances, customs
and usages of CPA.  Defendant's affidavits filed with this
motion demonstrate no such policy or custom exists or prevails.
Plaintiff was given an opportunity to rebut this in affidavit
form but at the pre-trial conference held in this matter,
plaintiff's counsel indicated an abandonment of this opportunity.

145

This also resolves plaintiff's claim under 42 USC, § 1981 and 1985 as there has been no showing of an official policy or custom to purposely discriminate on the basis of race or alienage.

### SIXTH CAUSE OF ACTION

Plaintiff also alleges the infliction of emotional distress as a result of the event which is the basis of the Third and Fourth Causes of Action. CPA defends on the basis of 7 CMC 2204(b). In light of the above, a ruling against CPA will be entered.

### GENERAL DEFENSES OF SPECIFIC STATUTORY IMMUNITY (7 CMC 2204(a)); GENERAL SOVEREIGN IMMUNITY AND GOOD FAITH IMMUNITY

These asserted defenses run through the various causes of action. In light of the above ruling, 7 CMC 2204(a) is not applicable.

As for "general sovereign immunity", the court finds no merit in this contention. Once CPA has been found not to be a "sovereign", the general application of immunity is not available to CPA.

CPA intends to defend the actions of its two security officers as police officers performing their duties with good faith. Pierson v Ray, 87 S.Ct. 1213, 18 L.Ed. 288 (1967).

146

This may be so but it is premature for the court to grant summary judgment. A genuine issue of fact remains for the trier of fact notwithstanding Harlow v Fitzgerald, 102 S.Ct. 2727 (1982). Here, false imprisonment and assault and battery are alleged, not mere discretionary acts.

## PUNITIVE DAMAGE CLAIM

Plaintiff claims punitive damages in her Third, Fourth, and Fifth Causes of Action. Citing 7 CMC 2202(b), CPA claims immunity. This section does not apply to CPA. Since the Fifth Cause of Action will be dismissed as to CPA, the punitive damage issues is moot as to this cause of action.

IT IS THEREFORE ORDERED:

1. Defendant CPA's motion for summary judgment on plaintiff's Third, Fourth and Sixth Causes of Action is denied.

2. Defendant CPA's motion for summary judgment on plaintiff's Fifth Cause of Action is granted.

Dated at Saipan, CM, this 16th day of April, 1985.

_____
Robert A. Hefner, Chief Judge